IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARBUCKLE MOUNTAIN RANCH OF TEXAS, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:14-CV-04584-M |
| CHESAPEAKE ENERGY CORPORATION, et al., | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Partial Summary Judgment [ECF #88], filed by Plaintiffs Arbuckle Mountain Ranch of Texas, Inc., Michele Cammack, Kuruvilla Chemmachel, and Charles Nutt. For the following reasons, the Motion is DENIED.

## **Background**

This is a putative class action brought by four individuals against several related oil and gas companies that operate producing wells in Tarrant County and Johnson County, Texas: Defendants Chesapeake Energy Corporation; Chesapeake Operating, Inc. n/k/a Chesapeake Operating, L.L.C.; Chesapeake Operating, LLC f/k/a Chesapeake Operating, Inc.; Chesapeake Exploration, L.L.C as successor by merger to Chesapeake Exploration, L.P.; Chesapeake Energy Marketing, Inc. n/k/a Chesapeake Energy Marketing, L.L.C. (collectively, "Chesapeake"); and TOTAL E&P USA, INC. In their First Amended Class Action Complaint, which is the live pleading in this action, Plaintiffs allege Defendants acquired oil and gas leases on various commercial and residential properties in Tarrant and Johnson counties. Plaintiffs further allege that numerous owners of the properties burdened by Defendants' leases defaulted on prior

1

mortgages affecting their properties and thereafter lost title to their properties through foreclosure sales. Plaintiffs contend that Defendants' after-acquired leases were terminated when the properties were sold at foreclosure because Defendants had not obtained subordination agreements of the prior mortgages to the leases. Plaintiffs claim to be the post-foreclosure owners of multiple properties previously burdened by Defendants' leases. Plaintiffs allege that Defendants continued to produce oil and gas from the wells affecting their properties after the corresponding leases had been extinguished by foreclosure and that such production constitutes trespass and conversion.

In response to Plaintiffs' First Amended Complaint, Defendants filed an Answer disputing Plaintiffs' allegations and asserting various affirmative defenses to Plaintiffs' claims, including limitations, estoppel, laches, and adverse possession. Defendants do not admit any of the foreclosure sales that allegedly extinguished their mineral leases were valid; and Defendants demand strict proof that the mortgagees complied with the requirements of the Texas Property Code and the terms of the applicable deed of trust or mortgage instrument in conducting the foreclosure sales allegedly extinguishing their leases. Defendants also assert declaratory judgment counterclaims that the mineral lessees were not provided adequate notice of the foreclosure sales, resulting in a violation of the lessees' due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 19, of the Texas Constitution. More specifically, Defendants allege that they were deprived of constitutionally protected property rights in their mineral leases without adequate process when foreclosing mortgagees with actual or constructive knowledge of Defendants' leases conducted foreclosure sales without providing direct notice to Defendants of the pending foreclosure.

Although this case is still in the pre-certification stage, Plaintiffs have filed a Motion for Partial Summary Judgment directed to Defendants' due process counterclaims. Plaintiffs' Motion asks the Court to determine that Defendants' mineral leases on four different properties, one owned by each of the four Plaintiffs, were obtained subject to senior mortgages affecting the properties and that those leases were subsequently terminated by valid non-judicial foreclosure sales of the properties—meaning that Plaintiffs received their mineral interests free and clear of Defendants' leases. Plaintiffs further ask the Court to determine that Defendants' affirmative defenses based on due process and extra-statutory notice requirements fail as a matter of law—at least to the extent the defense is directed to a property that was the subject of a non-judicial foreclosure—because non-judicial foreclosure sales do not constitute state action, and thus are not subject to constitutional due process claims. Defendants respond that their due process counterclaims are viable, but ask the Court to deny Plaintiffs' Motion as premature. Defendants contend that they have not had an adequate opportunity to conduct discovery to address the factually intensive inquiry that Plaintiffs' Motion requires. Defendants also contend that Plaintiffs' Motion is premature in that it addresses the merits of the class action before the class has been certified. The issues have been fully briefed, and the Motion is ripe for determination.

**Legal Standards**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine, if the evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party. *Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if its resolution could affect the outcome of the action. *Weeks*

*Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). The substantive law determines which facts are material. *See Anderson*, 477 U.S. at 247.

A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of admissible evidence to support the nonmovant's claim. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the burden shifts to the nonmoving party to produce evidence or designate specific facts in the record showing the existence of a genuine issue for trial. *See Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). By contrast, a movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

**Analysis**

As a preliminary matter, Plaintiffs concede they are not entitled to summary judgment with respect to Plaintiff Kuruvilla Chemmachel's mineral estate in Lot 2, Block 2, of the McDonnell Parkside Addition, in White Settlement, Tarrant County, Texas (the "Chemmachel Property"). *See* Pl. Reply [ECF #103] at 12-14; *see also id.* at 3, n.1 & 5, n.5. Plaintiffs' Motion asserts Kuruvilla Chemmachel owns the Chemmachel Property free and clear of any oil and gas lease benefitting Defendants, including a 2007 oil and gas lease executed by Casa Unlimited Enterprises, L.P. ("Casa") and later assigned to Defendants, because the 2010 foreclosure of a senior mortgage affecting the property extinguished any such encumbrances on the Chemmachel

Property. *See* Pl. Mot. at 10-11. Plaintiffs seek summary judgment that the Chemmachel Property is no longer burdened by Defendants' lease. In support of their Motion, Plaintiffs provide evidence of (1) a Warranty Deed dated December 30, 2004 conveying the Chemmachel Property from Vernon Locker to Casa, *see* Pl. Mot. App., Ex. I; (2) a July 30, 2007 Deed of Trust conveying the Chemmachel Property from Kevin and Barbara Troutman to the trustee for the benefit of MERS as nominee for CTX Mortgage Company, LLC, *see id.*, Ex. V; (3) a Substitute Trustee's Deed dated October 6, 2009 conveying the Chemmachel Property from the Troutmans to Wells Fargo Bank, N.A. ("Wells Fargo"), *see id.*, Ex. W; and (4) a Special Warranty Deed dated effective January 20, 2010 conveying the Chemmachel Property from the United States Secretary of Housing and Urban Development to Kuruvilla Chemmachel, *see id.*, Ex. K. However, Plaintiffs' evidence does not establish an unbroken chain of title showing Kuruvilla Chemmachel owns the mineral estate in the Chemmachel Property. In particular, Plaintiffs' summary judgment evidence fails to reveal any conveyance from Casa to the Troutmans.

Defendants supply the missing evidence with their response. A General Warranty Deed dated July 31, 2007 conveys the Chemmachel Property from Casa to Kevin Troutman. However, the Casa-to-Troutman deed also reserved "all oil, gas, and other minerals" in the Chemmachel Property to Casa. Def. App., Ex. A. Thus, the mineral estate was not part of the Chemmachel Property when the Troutmans mortgaged the property to Wells Fargo, and the subsequent foreclosure of the Troutman-Wells Fargo deed of trust did not affect the ownership of the mineral estate pertaining to the Chemmachel Property. Confronted with Defendants' evidence of the mineral reservation, Plaintiffs concede Kuruvilla Chemmachel does not own the mineral estate in the Chemmachel Property, and the Chemmachel Property is not appropriately included as a class property for purposes of this litigation. Plaintiffs have failed to meet their summary

5

judgment burden with respect to the Chemmachel Property. *See* Pl. Reply 3, n.3; 8, n.6; & 12. Therefore, Plaintiffs' Motion is DENIED with prejudice with respect to the Chemmachel Property.[1]

Plaintiffs' evidence pertaining to the remaining three properties is similarly insufficient to establish the other Plaintiffs received their mineral interests free and clear of Defendants' leases. For example, the evidence does not establish that Plaintiff Arbuckle Mountain Ranch of Texas, Inc. ("Arbuckle") owned 2.0 acres in the R.F. Cope Survey, Abstract No. 152, in Johnson County, Texas (the "Arbuckle Property"), from September 15, 2010 to August 19, 2011. The Special Warranty Deed on which Plaintiffs rely to show Arbuckle owned the Arbuckle Property is a conveyance of the property from Federal Home Loan Mortgage Corporation to "AMR of Texas, Inc." *See* Pl. App., Ex. F. However, there is no evidence in the record to demonstrate that "AMR of Texas, Inc." is the same entity as Arbuckle Mountain Ranch of Texas, Inc.—the named Plaintiff in this litigation. There also is no evidence in the record to explain the gap in title between the original mortgagee, American Home Loans, and Well Fargo Bank, N.A. ("Wells Fargo"), the alleged beneficiary of the deed of trust that foreclosed on the Arbuckle Property. *Compare id.*, Ex. Y *with id.*, Ex. AA. When a party not named in the original mortgage or deed of trust seeks to foreclose, it must be able to trace its rights under the security instrument back to the original holder. *Leavings v. Mills*, 175 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2004, no. pet). The chain of title can be proven through (a) documents filed of record in the county clerk's office, *see* Tex. Prop. Code Ann. §51.0001(4)(C); (b) successive transfers of possession and indorsements of the note to the current holder, *see* Tex. Bus. & Com. Code Ann. § 3.201; or (c) an unbroken chain of assignments from the original mortgagee, *see Leavings*, 175

---

[1] Neither side has asked the Court to determine at this stage in the litigation whether Plaintiff Kuruvilla Chemmachel may serve as a class representative, if the class is certified. Accordingly, the Court's ruling is limited to the Chemmachel Property described in Plaintiffs' Motion.

S.W.3d at 310. The unexplained gap in the chain of assignments of the mortgage interest affecting the Arbuckle Property presents a genuine issue of material fact as to whether Wells Fargo had the right to foreclose. *See Miller v. Homecomings Financial, LLC*, 881 F. Supp. 2d 825, 830-31 (S.D. Tex. 2012). In view of this fact question, the Court DENIES Plaintiffs' Motion with respect to the Arbuckle Property.

The record also fails to demonstrate that summary judgment is appropriate with respect to the property allegedly owned by Plaintiff Michelle Cammack—Lot 33, Block 4, Summer Crest Addition, in Johnson County, Texas (the "Cammack Property"). The Special Warranty Deed included in the record shows that the Cammack Property was conveyed to William Cammack. *See* Pl. App., Ex. H. There is no evidence in the record that Michelle Cammack has an ownership interest in the Cammack Property. The record also reveals a gap in the chain of title between the beneficiary of the original deed of trust—Mortgage Electronic Registration, as nominee for Network Funding, L.P.—and the beneficiary that allegedly conducted the foreclosure sale, Wells Fargo. As was the case with the Arbuckle Property, the unexplained gap in the chain of title affecting the Cammack Property presents a fact issue as to whether Wells Fargo had the right to foreclose. *See Miller*, 881 F. Supp. 2d at, 830-31. Accordingly, the Court DENIES Plaintiffs' Motion with respect to the Cammack Property.

Finally, the evidence fails to establish Plaintiffs are entitled to summary judgment with respect to the property owned by Charles Nutt, Lot 4 of the Oran Addition, City of Cleburne, Johnson County, Texas (the "Nutt Property"). Plaintiffs argue that the Nutt Property was previously owned by Luis Araiza and Francisca Y. Pancheco, who executed (1) a deed of trust on the Nutt Property on March 25, 2003 in favor of Banco Popular North America, *see* Pl. App., Ex. S, and (2) an oil and gas lease on the property on June 2, 2005, *see id.*, Ex. U. Defendants

7

obtained an interest in the lease by virtue of an assignment executed on April 25, 2006. *See id.*, Ex. JJ. Plaintiffs assert that the 2005 lease was extinguished when the Nutt Property was sold at a foreclosure sale on October 2, 2007. However, the 2007 Substitute Trustee's Deed forecloses a deed of trust that was executed on June 25, 2004 in favor of Ameriquest Mortgage Company. *Id.*, Ex. Q. The 2004 deed of trust is missing from the summary judgment record and there is no evidence to show that Luis Araiza and Francisca Y. Pancheco properly conveyed the equitable title in the Nutt Property to the trustee for Ameriquest Mortgage Company on June 25, 2004. In view of the lack of evidence on this issue, the Court DENIES Plaintiffs' Motion as to the Nutt Property.

Plaintiffs invite the Court to ignore their failure to prove their entitlement to summary judgment as to any of the four specific tracts Plaintiffs selected as the subject of their Motion and simply confirm—in the abstract—the legal principle "that foreclosure of a senior recorded mortgage . . . terminates a subsequently executed oil and gas lease on that property." Pl. Reply at 2; *see also id.* at 6 ("Plaintiffs' Motion simply asks the Court to confirm a bedrock principle of Texas property law: Junior interests on a property conveyed by valid foreclosure of a senior lien are extinguished by foreclosure."). The Court declines to issue any advisory opinions on any legal issue untethered to the specific facts of this case.[2]

## Conclusion

Plaintiffs' Motion for Partial Summary Judgment [ECF #88] is DENIED. With respect to Plaintiff Kuruvilla Chemmachel's mineral estate in Lot 2, Block 2, of the McDonnell Parkside

---

[2] While the Court has recognized the potential significance of the foreclosure/due process issue to this litigation, federal courts do not render advisory opinions. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). Therefore, it was incumbent on Plaintiffs to present the issue to the Court in the context of specific facts on which the legal issue could be decided.

Addition, in White Settlement, Tarrant County, Texas, the Motion is denied with prejudice. In all other respects, the Motion is denied without prejudice.

SO ORDERED.

September 18, 2017.

*[signature]*
BARBARA M.G. LYNN
CHIEF JUDGE